The defendant pleaded, "Fully administered, former judgment, and noassets ultra," at August Sessions, 1811, of New Hanover County Court, being the sessions at which the writ was returnable. The judgments pleaded are one entered on the appearance docket of the same sessions, and confessed in favor of G. Hooper, the other entered on the reference docket of the same sessions, and confessed in favor of A. M. Hooper, according to specialty filed. To the latter judgment a special replication is filed that it was confessed per fraudem, and on an instrument of writing which was void for want of registration. This specialty was a bond in the penalty of £ 5,000, conditioned to be void upon Fleming executing a marriage settlement, within six months after his marriage with Mary Schaw, whereby her estate shall be secured to her and the issue of such marriage.
The question arising from the case is whether the judgment confessed to A. M. Hooper protected the assets to that amount.
We do not pretend to touch the question as to the validity of this marriage settlement or contract against cerditors (342) [creditors], because it is not presented by the case or pleadings.
The only inquiry is whether Fleming himself would have been bound by it without registration, if suit had been brought against him; and it is very clear that he would upon the express words of the act of 1785, ch. 12, which makes such contracts void only against creditors.
Now, the liability of the intestate devolved upon his administrator; and unless we could perceive some way in which we could have pleaded *Page 265 
so as to have prevented a recovery, we must pronounce that he had a right to confess judgment, and that the assets are protected to the amount of it.
The clerk of New Hanover Superior Court must, therefore, enter up judgment, according to the agreement of the parties, that the defendant has fully administered.
NOTE. — Upon the first point, see Saunders v. Ferrill, 23 N.C. 97; upon the second point, see Delamothe v. Lanier, ante, 296.